```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SCOTT AKERS, et al., | CIVIL ACTION NO. 03-3920 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., |  |
| Defendants. |  |

**THE DEFENDANTS MOVING** to dismiss the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) (dkt. entry no. 14); and the plaintiffs bringing the action in August 2003 to recover damages for, inter alia, violations of the Employee Retirement Income Security Act; and the plaintiffs' counsel having died in August 2004; and the Magistrate Judge — on April 6, 2005 — ordering that "Plaintiffs' counsel or Plaintiffs pro se shall enter an appearance no later than April 29, 2005," and that the defendants had leave to move to dismiss the complaint for failure to prosecute if the plaintiffs failed to proceed (4-6-05 Mag. Judge Ord.); and the defendants waiting for one week thereafter before moving to dismiss the complaint (see 5-6-05 Not. of Mot.); and it appearing that counsel for only one plaintiff — Casey Piatt — has appeared in response (see Atty. Substit., dated 4-18-05 and filed 5-12-05); and the return date for the motion — June 6, 2005 — having elapsed (see unnumbered

dkt. entry after dkt. entry no. 14); and the Court waiting three additional weeks to allow the other plaintiffs to respond ("Non-Responding Plaintiffs"); and the Non-Responding Plaintiffs failing to comply with the Magistrate Judge's order; and

**THE DEFENDANTS ARGUING** that all communications from the Non-Responding Plaintiffs have ceased (Def. Br., at 3); and the Non-Responding Plaintiffs failing to oppose the motion; and the Court addressing the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78; and

**IT APPEARING** in addressing a motion to dismiss the complaint under Rule 41(b), the Court must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and the Non-Responding Plaintiffs failing to either retain new counsel or appear pro se in direct contravention to a court order; and thus the Court concluding the Non-Responding Plaintiffs have (a) become personally responsible for the delay, (b) become dilatory, and (c) demonstrated willful conduct; and thus the first, third, and fourth Poulis factors weighing against the Non-Responding Plaintiffs; and

**THE COURT CONCLUDING** the one-year delay in prosecution — including the failure to proceed as directed by the Magistrate Judge — has prejudiced the defendants in their defense of this two-year-old action as to the Non-Responding Plaintiffs; and thus the second Poulis factor weighing against the Non-Responding Plaintiffs; and the Court affording the Non-Responding Plaintiffs — and the Non-Responding Plaintiffs failing to take advantage of — every opportunity to proceed; and the Court concluding a sanction other than dismissal as to the Non-Responding Plaintiffs will engender more delay and be ineffective; and thus the fifth Poulis factor weighing against the Non-Responding Plaintiffs; and the Court deeming the sixth Poulis factor — the merits of the claim — to be neutral, as the Non-Responding Plaintiffs have not acted to support their claims; and

**THE COURT BALANCING** the aforementioned six factors; and it appearing the complaint insofar as asserted by the Non-Responding Plaintiffs should be dismissed for failure to prosecute; and thus the Court intending to grant the part of the motion seeking dismissal of the complaint insofar as asserted by the Non-Responding Plaintiffs; and

**IT APPEARING** the part of the motion seeking dismissal of the complaint insofar as asserted by Piatt should be denied; but the Court now having concerns as to Piatt's claim; and the Court

advising Piatt's counsel that the Court will issue an order to show cause as to those concerns soon; and good cause appearing, the Court will issue an appropriate order and judgment.

                                               s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge