```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                          :
SCOTT AKERS, et al.,                      :   CIVIL ACTION NO. 03-3920 (MLC)
                                          :
     Plaintiffs,                          :       MEMORANDUM OPINION
                                          :
     v.                                   :
                                          :
STATE OF NEW JERSEY DEPARTMENT            :
OF CORRECTIONS, et al.,                   :
                                          :
     Defendants.                          :
                                          :
```

**THE COURT HAVING ISSUED** an order to show cause why the Court should not (1) dismiss the third count of the complaint insofar as asserted by the plaintiff Casey Piatt for lack of jurisdiction under the Employee Retirement Income Security Act ("ERISA") and 28 U.S.C. § ("Section") 1331, and (2) decline supplemental jurisdiction over — and dismiss — both the first count and second count insofar as asserted by Piatt (dkt. entry no. 18, 6-27-05 Ord. to Show Cause); and the Court having reviewed this action, wherein the plaintiffs (1) sought damages for, inter alia, refusal to permit entry to a pension plan in violation of ERISA, and (2) alleged jurisdiction under Section 1331 (see generally Compl.); and

**IT APPEARING** one viable plaintiff — Piatt — remains (dkt. entry no. 17, 6-27-05 Ord. & J.); and it appearing the defendants — (1) State of New Jersey Department of Corrections and (2)

Police & Firemen's Pension System — are governmental entities; and the Court having examined jurisdiction sua sponte, see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and the Court being responsible for assuring there is jurisdiction, even though an action has advanced beyond the initial pleadings, see Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 299 n.2 (3d Cir.) (inquiring on jurisdiction at appellate stage), cert. denied, 125 S.Ct. 62 (2004); and

**THE COMPLAINT CONTAINING** three counts (Compl., at 5-6); and the first count and second count referring to state law only (see id. at 1st Count (stating defendants' "conduct is in violation of N.J.S.A. 10:5-1 et seq."), id. at 2d Count (asserting breach of contract)); and thus it appearing that federal law does not "create[] the cause of action" as to the first count and second count, Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 27-28 (1983); and

**IT APPEARING** the third count alleges the "refusal to permit the Plaintiffs to enter the [pension plan], while permitting other, similarly situated, employees to do so is in violation of ERISA" (Compl., at 3d Count); but it appearing the pension plan at issue is a governmental plan, and "the law is clear that ERISA is not applicable to governmental plans," Martel v. Great Bend

2

Bor., 40 F.Supp.2d 261, 267 (M.D. Pa. 1999), see 29 U.S.C. §§ 1002(32) & 1003(b)(1); and it appearing the complaint refers to other federal law, but not within the three counts (see Compl., at 3); and

**THE COURT BEING INCLINED** (1) to dismiss the third count insofar as asserted by Piatt for lack of jurisdiction under ERISA and Section 1331, and (2) if the third count is dismissed, to decline supplemental jurisdiction over — and dismiss — both the first count and second count insofar as asserted by Piatt, see 28 U.S.C. § 1367(c)(3), Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999); and the Court having advised the parties that the limitations period for bringing a state-court action as to both the first count and second count insofar as asserted by Piatt has been tolled by the filing of the federal complaint (6-27-05 Ord. to Show Cause, at 2-3), see 28 U.S.C. § 1367(d), see also Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE PARTIES FAILING** to respond to the order to show cause, even though the return date elapsed two weeks ago (6-27-05 Ord. to Show Cause, at 4 (setting return date of August 8, 2005)); and thus the Court intending to (1) dismiss the third count of the complaint insofar as asserted by Piatt, and (2) decline supplemental jurisdiction over — and dismiss — both the first

3

count and second count insofar as asserted by Piatt; and for good cause appearing, the Court will issue an appropriate order and judgment.

　s/ Mary L. Cooper　  
**MARY L. COOPER**  
United States District Judge
